IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

LAMONT CLEMENTS and
VERA CLEMENTS, his wife,

           Plaintiff,

v.                                    CIVIL ACTION NO.  5:09-cv-00086

HSBC AUTO FINANCE, INC.,

           Defendant.

**ORDER**

The Court has reviewed Defendant HSBC Auto Finance Inc.'s Motion to Seal or, Alternatively, Redact Portions of the Trial Transcript [Docket 115], filed May 4, 2011.  Plaintiffs have not responded.

Local Rule 26.4 provides that the rule requiring public inspection of court documents may be abrogated only in exceptional circumstances.  L.R. Civ. P. 26.4(b)(1).  A party moving to seal a court document must set forth:

    (A) the reasons why sealing is necessary, including the reasons why alternatives to sealing, such as redaction, are inadequate;

    (B) the requested duration of the proposed seal; and

    (C) a discussion of the propriety of sealing, giving due regard to the parameters of the common law and First Amendment rights of access as interpreted by the Supreme Court and our Court of Appeals.

L.R. Civ. P. 26.4(b)(2).  Rule 26(c) of the Federal Rules of Civil Procedure permits a court to issue a protective order requiring that trade secrets or other confidential information not be revealed.  F.R.

Civ. P. 26(c)(1)(G).  The public has a right to inspect court records.  However, a court may seal certain documents if competing interests outweigh the public's right to this access.  *See In re Knight Publishing Co.*, 743 F.2d 231, 235 (4th Cir.1984).

Defendant requests that the transcript be sealed (presumably indefinitely) in keeping with the parties' agreed protective order and the Court's ruling during the bench trial of this case on February 28, 2011, which sealed the trial exhibits containing confidential business information and trade secrets.  It asserts that throughout the trial reference was made to those protected exhibits and that its privacy interests in keeping the protected material confidential outweigh the public's interest in disclosing the transcripts.  (Mot. ¶ 8.) Defendant seeks, in the alternative, a court order redacting portions of the transcript, but states that "since the references in the transcript to the protected material are ubiquitous, there is not an alternative to appropriately protect HSBC's Auto's interests."  (Mot. ¶ 8.)  Defendant sets forth the portions of the transcript that it asserts mentions, discusses or quotes the protected material, which total roughly fifty pages of the 209 page transcript.  Most of these excerpts discuss only the general strategy employed by Defendant to contact customers. Some of the excerpts discuss the frequency of calls made to a single customer.

Although Defendant's motion is unopposed, the Court finds that the Defendant has failed to discuss the "propriety of sealing, giving due regard to...the common law and First Amendment rights of access..." and, specifically, given the substance of the transcript references, has failed to show exceptional circumstances or any competing interests that outweigh the public's right to access. Wherefore, the Court **ORDERS** that Defendant's Motion to Seal or, Alternatively, Redact Portions of the Trial Transcript [Docket 115] be **DENIED**..

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: May 20, 2011

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA